**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.C.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No.: 1:15-cv-01646 - --- - JLT<br><br>ORDER GRANTING THE MOTION TO APPOINT LAUREN ELLIOTT AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF D.C.<br><br>(Doc. 4) |

　　　　On October 28, 2015, Lauren Elliot initiated this action on behalf of minor Plaintiff D.C., and requested to be appointed as her guardian ad litem. (Docs. 1, 4)

**I.　　Appointment of a Guardian Ad Litem**

　　　　Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id.*  The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

　　　　Here, D.C. resides California and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

## II. Discussion and Analysis

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

Here, Plaintiff D.C. is the four-year-old daughter of Lauren Elliot and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, her ability to bring suit is contingent upon the appointment of a guardian ad litem. Upon review of the Complaint, it does not appear there are adverse interests. Ms. Elliot does not have competing claims with Plaintiff, because D.C. is the only plaintiff in this action, and the only claims are asserted on her behalf. Accordingly, appointment of Ms. Elliot as guardian ad litem for her son is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

## III. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Ms. Elliot has conflicting interests, and as such she may be appointed to represent the interests of her daughter. Therefore, the Court is acting within its discretion to grant the application.

///

///

///

///

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The motion for appointment of Lauren Elliot as guardian ad litem for D.C. (Doc. 4) is **GRANTED**; and

2. Lauren Elliot is appointed to act as guardian ad litem for Plaintiff D.C., and is authorized to prosecute this action on her behalf.

IT IS SO ORDERED.

Dated:   **November 3, 2015**          **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE