UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., by and through her Guardian Ad Litem, LAUREN ELLIOT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:15-cv-01646-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE<br><br>(Doc. No. 10) |

  D.C. ("plaintiff"), by and through her guardian ad litem, Lauren Elliot, filed suit against the United States of America ("defendant") on October 28, 2015, alleging that in September and October 2010 a physician employed by a federally supported health center injured her through the negligent provision of medical services. (Doc. No. 1.) On January 22, 2016, defendant filed a motion to dismiss the action, arguing that plaintiff failed to adhere to the notice requirements of the Federal Tort Claims Act ("FTCA"). (Doc. No. 10-1.) Specifically, defendant contends that plaintiff's five-year delay in presenting her tort claim exceeds the two-year statute of limitations imposed by the FTCA. (*Id.*) In response to the motion to dismiss, counsel for plaintiff filed a

/////

/////

/////

statement of non-opposition. (Doc. No. 19.)[1] Pursuant to Local Rule 230(g), the court vacated the hearing scheduled for April 19, 2016. (Doc. No. 20.) For the reasons set forth below, defendant's motion to dismiss is granted and plaintiff's claim is dismissed with prejudice.

"The FTCA waives sovereign immunity for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment." *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (citing 28 U.S.C. §§ 1346(b)(1), 2679(d)(1)). "Claims of medical malpractice against federally-funded health care facilities and their employees acting in the scope of their employment must be pursued against the United States under the FTCA." *Galvan v. United States*, 957 F. Supp. 2d 1182, 1184 (E.D. Cal. 2013) (citing 42 U.S.C. § 233(g)). The FTCA sets out the following procedural requirements:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). This procedural time bar is subject to equitable tolling. *United States v. Kwai Fun Wong*, — U.S. —, —, 135 S. Ct. 1625, 1631 (2015) (citing *Lozano v. Montoya Alvarez*, 572 U.S. 1, —, 134 S. Ct. 1224, 1231–32 (2014)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, plaintiff allowed five years to lapse between the accrual of her tort claim and the presentation of that claim, in writing, to the appropriate federal agency. Furthermore, and in light of plaintiff's filing of a statement of non-opposition to the granting of defendant's motion to dismiss, it is clear that plaintiff has not met her burden of demonstrating that equitable tolling of

---

[1] The statement filed by plaintiff's counsel explains in detail the basis for the non-opposition to the granting of the pending motion to dismiss. The court is completely satisfied with current counsel's explanation.

the two-year statute of limitations imposed by the FTCA is warranted in this instance.

For all of the reasons set forth above:

(1) the court grants defendant's motion to dismiss (Doc. No. 10);

(2) plaintiff's complaint is dismissed with prejudice; and

(3) the court directs the Clerk of the Court to the close this case.

IT IS SO ORDERED.

Dated:   **May 3, 2016**                              /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE

3